IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

M. EDWARD WILSON, JR., M.D.,

PLAINTIFF,

v.

PROGRESSIVE NORTHERN
INSURANCE COMPANY,

DEFENDANT.

CA: 2:25-CV-02581-BHH

PLAINTIFF'S REPLY TO
DEFENDANT'S OPPOSITION TO
MOTION TO COMPEL [43]

Plaintiff M. Edward Wilson, Jr., M.D. (Dr. Wilson) hereby submits his Reply to Defendant's Opposition to Plaintiff's Motion to Compel Discovery [ECF 43].

Dr. Wilson alleges Progressive Northern Insurance Co. (Progressive) acted in bad faith in handling his underinsured motorist coverage (UIM) claim after he was severely injured in April 2021, as well as by conditioning payment of UIM benefits on releasing bad faith rights after a jury returned a $3,350,000 verdict in Dr. Wilson's favor; filing a post-trial motion which the trial court found was untimely and without merit; filing a patently untimely and frivolous appeal, which was dismissed; and then by continuing to refuse to pay post-judgment interest after its appeal was dismissed. [Supplemental Complaint April 23, 2026, ECF 33].

The motion seeks discovery related to these allegations because Progressive's responses were deficient and relied on overly broad claims of

privilege. [ECF 38]. Progressive filed its memorandum in opposition July 28. [ECF 43].

As to the parties' disputes regarding privilege, Dr. Wilson appreciates Progressive's pledge to "produce its claim materials before March 26, 2025 documenting what advice its counsel in the Underlying Action, Jeffrey Crudup, gave Progressive Northern and produce him for a deposition concerning the same." [ECF 43, p. 17]. However, Dr. Wilson contends Progressive should produce its claim materials up to **April 23, 2026,** the date he filed his supplemental and amended complaint [ECF 33], which alleges bad faith conduct after March 26, 2025.

As to the remaining issues, Dr. Wilson refers to the facts, law and arguments in his motion to compel [ECF 38] and briefly addresses the following points:

1) Progressive cannot "renew" its initial Motion to Dismiss Plaintiff's initial bad faith Complaint because the Complaint was amended a year later.

2) Any cut-off date for discovery pursuant to *Howard v. State Farm*, discussed *infra*, is **April 23, 2026,** when Dr. Wilson filed his amended and supplemental complaint, not March 26, 2025, as Progressive contends.

3) Nothing supports Progressive's argument that it has no obligation to pay post-judgment interest under South Carolina law. Therefore, Dr. Wilson should be allowed to seek discovery related to this claim and defense.

## I.     Progressive Cannot "Renew" Its Prior Motion to Dismiss

In its memo in opposition, Progressive "renews its Motion to Dismiss" that it filed on April 30, 2025. [ECF 10, Motion to Dismiss; ECF 43, Opposition to MTC, p. 2, fn. 1]. Its basis for dismissal is that Progressive could not have acted in bad faith because Dr. Wilson accepted less than the full amount of the underlying liability coverage before seeking his UIM limits. [ECF 43, p. 2].

First, Progressive cannot "renew" a motion to dismiss a complaint that is no longer the operative pleading. It is well-established that an amended pleading "supersedes the original and renders it of no legal effect." *Lewis v. Dollar Gen. Corp.*, No. 7:25-CV-4810-DCC-WSB, 2025 WL 2795614, at *1 (D.S.C. June 13, 2025) (internal citations omitted).

Following Dr. Wilson's First Amended Complaint [ECF 8], Progressive filed a motion to dismiss [ECF 10]. The motion was dismissed as moot when the Court stayed the bad faith action during Progressive's appeal of the underlying state court action. [ECF 27].

A year later, the South Carolina Court of Appeals dismissed Progressive's appeal as untimely. Dr. Wilson moved to amend and supplement the Amended Complaint pursuant to Rules 15(a) and (d), Fed. Civ. R. Pro., to include allegations of bad faith occurring after the initial complaint was filed. [ECF 28]. This Court

granted Dr. Wilson's motions citing Rules 15(a) and (d). [ECF 31]. Dr. Wilson filed his amended and supplemental complaint on **April 23, 2026**. [ECF 33].

Second, the amount of Dr. Wilson's settlement with the liability carrier is irrelevant to this motion to compel, except as to help establish that he has made a *prima facie* case for bad faith. If Progressive refused to make a reasonable settlement offer because Dr. Wilson didn't exhaust the liability insurance, that is tantamount to an admission of bad faith because the amount collected from the at-fault driver's liability insurance is legally irrelevant to the obligations of the UIM carrier. S.C. Code Ann. §38-77-160. "The only relevant question is whether or not the damages sustained exceed the liability insurance limits of the at-fault motorist." *O'Neill v. Smith*, 695 S.E.2d 531, 533 (S.C. 2010).

As a result, Progressive cannot now, whether in a footnote in an opposition to compel or otherwise, renew an earlier Motion to Dismiss an obsolete complaint.

## II.    April 23, 2026, Is the Earliest Discovery Cut-Off Date

Progressive appears to have abandoned its earlier objections that no discovery is proper after July 18, 2024, the date it claims to have denied Dr. Wilson's $487,000 settlement offer. Progressive now cites *Howard v. State Farm Mut. Auto. Ins. Co.*, 450 S.E.2d 582 (S.C. 1994) for the proposition that "**any actions of Progressive Northern after Plaintiff filed this lawsuit on March 26,**

**2025 are irrelevant and outside the scope of discovery."** [ECF 43, p. 9] (emphasis in original). This argument fails for at least three reasons.

First, as discussed, the Court granted Dr. Wilson's motion to amend and supplement the complaint. [ECF 31]. As our federal courts have repeatedly held, a "pleading that has been amended under Rule 15(a) supersedes the pleading it modifies and remains in effect throughout the action unless it subsequently is modified. Once an amended pleading is interposed, **the original pleading no longer performs any function in the case….**" *Lewis v. Dollar Gen. Corp.*, No. 7:25-CV-4810-DCC-WSB, 2025 WL 2795614, at *1 (D.S.C. June 13, 2025) (emphasis added). Because Dr. Wilson filed the supplemental complaint on April 23, 2026 [ECF 33], that means the March 26, 2025, complaint is no longer the operative pleading and does not set the "cut off" date under *Howard*.

Second, "On motion and reasonable notice, the court may, on just terms, permit a party to serve a **supplemental pleading** setting out any **transaction, occurrence, or event that happened after the date of the pleading** to be supplemented." Rule 15(d) (emphasis added).

In granting Dr. Wilson's motion pursuant to both Rules 15(a) and 15(d), the Court specifically authorized him to include additional allegations of Progressive's

5

bad faith conduct occurring *after* March 26, 2025. [ECF 31, ECF 33]. That makes claims of subsequent bad faith conduct discoverable. Subsequent conduct includes:

- Progressive's refusal to pay undisputed UIM benefits following a jury verdict far exceeding policy limits;

- filing a post-trial motion that the trial court found was without merit and untimely;

- filing an appeal that was found to be untimely and jurisdictionally defective; and

- continuing to refuse to pay post-judgment interest.

As the Court granted the motion to amend and supplement, Progressive's demand that "parts of Plaintiff's Complaint mentioning conduct on or after March 26, 2025 or premising claims on such conduct should be struck from Plaintiff's Complaint." [ECF 43, p. 10] is moot. It is improper for Progressive to now block Dr. Wilson from discovery which seeks documents, testimony and other materials related to allegations of bad faith occurring after the initial complaint was filed.

Third, as set forth in Dr. Wilson's motion to compel, *Howard* is easily distinguishable from the present case. In *Howard*, State Farm denied a claim for personal injury protection (PIP) coverage after a car crash claiming the policy did not provide PIP under the facts. Mr. Howard sued for bad faith. In that case, the denial of the claim was the triggering event; there were no additional allegations of

bad faith occurring after Mr. Howard filed suit. Thus, *Howard* concluded that what happened after the complaint was filed was irrelevant and not discoverable.

Dr. Wilson was authorized by this Court's order to include allegations of Progressive's bad faith occurring after the initial complaint was filed. Therefore, to the extent this Court finds that any "cut off" date for discovery is proper, that date should be April 23, 2026, the day Dr. Wilson filed his supplemental complaint. Progressive's promise to provide claims materials documenting advice of counsel in the state court action should also be expanded to include materials up to April 23, 2026, for the same reasons.

### III.    Basis for Refusal to Pay Post-Judgment Interest is Discoverable

Dr. Wilson's motion to compel also seeks discovery related to Progressive's refusal to pay interest on the $1,850,000 judgment entered March 25, 2025, after the jury verdict, pursuant to S.C. Code Ann. § 34-31-20(b). [ECF 38, pp. 6, 12-13]. In its response, Progressive contends the judgment was entered against Marquee Limo Co., LLC, not Progressive, and argues that means Progressive does not have to pay interest. [ECF 43, p. 4]. Progressive further argues that its "Policy does not provide for the payment of interest." [*Id*].

These arguments are baseless and an improper basis for limiting discovery.

7

First, Progressive repeatedly cites S.C. Code Ann. § 38-77-160 and argues the "Legislature has given UIM insurers the statutory right to defend in an underlying action *for their own benefit*. The *insurer has the right to appear and defend*… [the UIM] *insurer may assume control of the defense of the action for its own benefit*…[and the] right to protect itself during the early stages of the lawsuit" at trial, and "the right to participate in post-trial motions or appeal" [ECF 43, p. 5] (emphasis in original and added). Progressive exercised those rights to the hilt, choosing to file a meritless and untimely motion for a new trial, followed by a meritless and untimely appeal — all while earning interest on the withheld funds.

Progressive's name may not have been on the case caption, but as § 38-77-160 and Progressive's arguments make clear, Progressive was the real party in interest. Had its appeal prevailed, Progressive would have reaped the rewards of not paying the money it owed. Because the appeal was dismissed as untimely, Progressive must pay the penalty, including post-judgment interest. The law cannot allow insurers to use § 38-77-160 as a sword to protect their interests, then a shield from the consequences of an unsuccessful trial and meritless appeal.

Second, the Progressive Policy's silence on the matter of post-judgment interest means Progressive must pay it. Post-judgment interest is a statutory right. S.C. Code Ann. § 34-31-20(b). Because of this, the statutory obligation to pay post-

judgment interest when a UIM carrier loses an appeal is baked into its contract. As courts have repeatedly held, "it is a fundamental rule of contract construction that the [statutory] law existing at the time and place of the making of a contract is a part of the contract." *Moodie v. Kiawah Island Inn Co., LLC*, 124 F. Supp. 3d 711, 726 (D.S.C. 2015), *citing Catawba Indian Tribe of S. Carolina v. State,* 642 S.E.2d 751, 756 (S.C. 2007). "A contract depends on a regime of common and statutory law for its effectiveness and enforcement." *Norfolk & W. Ry. Co. v. Am. Train Dispatchers Ass'n*, 499 U.S. 117, 129–30 (1991). *See also Gen. Elec. Co. v. Moretz,* 270 F.2d 780, 787 (4th Cir. 1959) (holding that "relevant [federal] statutes and regulations existing at the time a contract is made become a part of it" under Virginia law and "in other jurisdictions throughout the country").

Dr. Wilson has pleaded Progressive is acting in bad faith by refusing to pay post-judgment interest. Progressive disagrees. For purposes of discovery, Dr. Wilson should be entitled to discovery of the documents, facts and testimony underpinning Progressive's conduct and decision.

## IV.    Other Discovery Matters

A. **Objections:** Dr. Wilson appreciates Progressive's pledge to remove the objections stated in in its memorandum of opposition. [ECF 43, p. 18]. To the extent Dr. Wilson inadvertently caused some confusion, he does not seek any privileged communications between Progressive and its counsel in this bad faith lawsuit.

B. **Reserve Amounts / Settlement Authority**: Dr. Wilson agrees to drop his demands for this information except for his request for documents related to adjuster Richard Majewski's settlement authority at the mediation of the underlying claim on May 1, 2023. These materials are relevant to whether Progressive was negotiating and acting in good faith.

C. **Personnel File of Adjusters**: Dr. Wilson agrees to narrow his request to exclude banking information, Social Security Numbers, and the like. To the extent Progressive contends the information related to the adjusters' training, education, certification, audits, *etc…* should be protected, they can be produced subject to the recently entered Confidentiality Order. [ECF 41].

D. **Mr. Majewski's Communications and Notes**: Dr. Wilson appreciates Progressive's offer to produce the requested notes up to the date he filed the bad faith action. He assumes this means March 26, 2025, but respectfully requests this date be extended to the date the operative pleading was filed, April 23, 2026.

E. **Internal Bad Faith Reports**: To the extent counsel for Progressive certifies that Progressive is not in possession of such reports, Dr. Wilson will withdraw this request.

F. **Request for Production No. 15:** Again, to clear up any confusion, Dr. Wilson is not seeking any **protected** attorney work-product materials related to this bad faith lawsuit, other than those specifically discussed in Dr. Wilson's motion to compel related to the claims file and subject to the requirements of Progressive's Rule 26(b)(5) privilege log.

If Progressive has any "documents, including photographs, diagrams, video footage, medical illustrations, or other visual aids relating to the claim or defense of the underlying state court action, those should be produced.

10

## Conclusion

In sum, Dr. Wilson respectfully asks this Court to grant his motion to compel and, specifically, to deny any footnote "renewal" of Progressive's motion to dismiss; to extend the discovery of facts, materials and testimony to actions and activities that took place at least up to April 23, 2026, including but not limited to the claim materials regarding communications with counsel; to permit discovery related to Progressive's ongoing refusal to pay post-judgment interest and grant such other and further relief as may be just and proper.

**KAHN LAW FIRM, LLP**

s/ Justin S. Kahn [Fed. Id. No. 5779]
Wes B. Allison [Fed. Id. No. 11507]
PO Box 31397
Charleston, SC 29417-1397
p 843.577.2128 | f 843.577.3538
jskahn@kahnlawfirm.com
wallison@kahnlawfirm.com
**ATTORNEYS FOR PLAINTIFF**

**JULY 30, 2026**